IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RENE CRISLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:14-cv-03373-MDH |
| ) | |
| MATTHEW RICHARDS HEALTHCARE ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 18). Defendant seeks to dismiss Count IV of Plaintiff's Petition brought under the Fair Debt Collection Practices Act ("FDCPA"). The Court, after careful consideration of the issues raised and the legal arguments provided by the parties, hereby **DENIES** Defendant's motion.

## BACKGROUND

Plaintiff filed a Petition in Segewick County, Kansas on January 10, 2014, asserting various claims against Defendant Matthew Richards Healthcare Management, LLC. The factual allegations within the Petition, accepted as true for purposes of this motion, are as follows. On November 10, 2010, Plaintiff was involved in a vehicle accident and suffered personal injuries. Pet. ¶ 6. The injuries required medical treatment. Pet. ¶ 6. While Plaintiff was in the process of settling her personal injury claim, she entered into a contract with Defendant on January 5, 2011. Pet. ¶ 8. Under Plaintiff's "client agreement" with Defendant, Defendant agreed to assist Plaintiff in obtaining health care necessary to treat her injuries. Client Agreement ¶ 1.

In addition to arranging Plaintiff's health care treatment, Defendant agreed to advance, on Plaintiff's behalf, all co-payments and deductibles pertaining to her injury. Client Agreement ¶¶

1

2-3.  In doing so, Defendant promised to utilize all available resources to pay Plaintiff's healthcare costs, including private insurance.  Client Agreement ¶ 14.  In the event that such resources were unavailable, Defendant agreed to advance the payments for Plaintiff's healthcare services from its own funds and later seek reimbursement from Plaintiff for the cost invoiced plus 9.5 percent interest.  Client Agreement ¶ 14.  Additionally, Plaintiff agreed to grant Defendant a contractual lien upon her settlement proceeds in an amount equal to the invoices from medical providers to Defendant.  Client Agreement ¶ 15.

Shortly after the agreement was signed, Plaintiff realized that Defendant made no effort to utilize Plaintiff's private health insurance in paying her outstanding medical bills.  Pet. ¶ 9.  At that point, Defendant was told to cease making payments on Plaintiff's behalf and that Plaintiff would use her own resources to pay any outstanding medical bills.  Pet. ¶ 9.  "Despite notice that Plaintiff did not want Defendant to pay healthcare charges, Defendant negotiated with certain of Plaintiff's healthcare providers to reduce the healthcare costs charged to Plaintiff."  Pet. ¶ 10.  "Defendant then made payments to those healthcare providers that were significantly less than the sums originally charged by those healthcare providers."  Pet. ¶ 10.  Defendant then demanded that Plaintiff reimburse Defendant for the full amount originally billed plus interest.  Pet. ¶ 11.

Based upon these facts, Plaintiff brings suit against Defendant for: (I) breach of contract, (II) deceptive trade practices under the Kansas Consumer Protection act, (III) unconscionable acts and practices under the Kansas Consumer Protection Act, (IV) violation of the Fair Debt Collection Practices Act ("FDCPA"), and (V) rescission of an unconscionable contract.  On February 28, 2014, Defendant removed the case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1331.  Defendant then filed a motion to dismiss for lack of personal jurisdiction and/or venue.  The honorable Judge Murguia disagreed with

Defendant but transferred the case to the Western District of Missouri based upon a forum selection clause within the parties' contract.

Following transfer, Defendant filed a motion to dismiss Plaintiff's FDCPA claim. Defendant argues that Plaintiff failed to plead sufficient facts to support a claim under the Act because the allegations within the Petition fail to establish that Defendant is a debt collector. Instead, Defendant argues, the facts show that Defendant is a "creditor" of the Plaintiff, and creditors are expressly exempted from FDCPA coverage. Plaintiff filed suggestions in opposition to Defendant's motion. Plaintiff argues that the factual allegations within the Petition are sufficient to state a claim because, looking to the substance of the parties' transactions, it is clear that Defendant was acting as a debt collector. The motion is now ripe for review.

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a

3

whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

"The Fair Debt Collection Practices Act (FDCPA or Act) imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." 15 U.S.C. § 1692 *et seq.*; *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). The purpose of the Act is to protect consumers from "abusive, deceptive, and unfair debt collection practices" employed by debt collectors. 15 U.S.C. § 1692. A "fundamental" distinction under the FDCPA is that between "creditors" and "debt collectors." *Id.* at § 1692a; *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005). While the Act regulates debt collectors, it "does not regulate creditors' activities at all." *Schmitt*, 398 F.3d at 998.

As defined in the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A creditor, in contrast, is "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* at § 1692a(4). The term "creditor" does not include a person "to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* In other words, "[a] creditor . . . is a company that collects debts owed to itself, in it [sic] own name." *Schlotman v. Citibank (S. Dakota), N.A.*, No. 06-0803-CV-W-DW, 2007 WL 1425474, at *1 (W.D. Mo. May 10, 2007).

Here, according to the Petition, it appears at first glance that Defendant is a creditor of Plaintiff. Plaintiff hired Defendant to pay certain medical debts on her behalf and agreed to

4

reimburse Defendant for the amount paid plus 9.5 percent interest. Thus, Defendant extended credit thereby creating a debt and Defendant now seeks to collect on that debt, which is owed to Defendant in its own name. *See, e.g., Schlotman*, 2007 WL 1425474, at *1 (holding credit card company is FDCPA creditor because it attempts to collect debts owed to itself). However, the "FDCPA is concerned with the substance of the transaction as opposed to the form*." Shafe v. Tek-Collect, Inc.*, No. 07-00327-CV-W-REL, 2007 WL 4365726, at *2 (W.D. Mo. Dec. 10, 2007) (quoting *Perk v. Worden*, 475 F. Supp. 2d 565, 569 (E.D. Va. 2007)). Viewing the substance of the parties' transactions, the Court concludes that the Petition contains sufficient factual matter on its face, taken as true, to suggest Defendant is plausibly a debt collector under the FDCPA.

The Petition's factual allegations reveal that, although the parties originally had a credit-type agreement, Plaintiff terminated that agreement when, upon notice of Defendant's alleged breach, Plaintiff asserts she requested Defendant to stop making payments on her behalf. Despite such notice, Defendant continued negotiating with the medical providers, paid the medical debt at a reduced price, and then sought to collect the full medical debt from Plaintiff. From these facts, the Court can plausibly infer that Defendant purchased Plaintiff's medical debts, which were in default,[1] from the medical providers in order to collect upon the full amount of the medical debt. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee[.]"); *Munoz v. Pipestone Fin., LLC*, 397 F. Supp. 2d 1129,

---

[1] The accident occurred on November 10, 2010, Plaintiff hired Defendant two months later, and sometime thereafter, Defendant negotiated and paid a lump sum payment for Plaintiff's medical bills. From this evidence, the Court can conclude Plaintiff's medical bills were in default at the time Defendant paid the medical providers. See *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86-87 (2d Cir. 2003).

5

1133 (D. Minn. 2005) ("Courts have held that entities that purchase defaulted debt for collection are debt collectors under the FDCPA.").

Such an inference is supported by the following factual assertions by Plaintiff: (1) he period of time between execution of the parties' contract and Plaintiff's request that Defendant cease paying her medical bills, (2) at the time Defendant paid a negotiated price for Plaintiff's debts, Defendant no longer had authority to pay Plaintiff's medical bills, and (3) Defendant's desire to collect the full amount of the medical debt originally billed plus interest, rather than the discounted price plus interest. Because the Court can infer from Plaintiff's allegations that Defendant is plausibly a debt collector under the FDCPA, the Court must deny Defendant's motion to dismiss under Rule 12(b)(6).[2]

## DECISION

Based on the foregoing analysis, Defendant's Motion to Dismiss (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 31, 2014

                                             */s/ Douglas Harpool*
                                             DOUGLAS HARPOOL
                                             UNITED STATES DISTRICT JUDGE

---

[2] Defendant is free to re-argue the debt collector issue in a dispositive motion following discovery. Here, the Court has no evidence of: (1) the termination notice given by Plaintiff to Defendant, (2) the work done/charges accrued by Defendant prior to the time of Plaintiff's termination notice, (3) correspondence between the Defendant and the medical providers, (4) the timing of when Defendant paid the lump sum payment to Plaintiff's medical providers, and (5) the amount of Plaintiff's medical bills in default at that time.